[No. 10637.  Department Two.  November 14, 1912.]

WILLIAM R. CRAWFORD, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

APPEAL—REVIEW—CESSATION OF CONTROVERSY.  Objection to the jurisdiction of a state court to appoint a receiver for an insolvent railroad company, on the ground that the Federal court has appointed receivers for it, will not be considered on appeal, where pending the appeal, the Federal court recognized the prior assumption of jurisdiction by the state court, and for that reason alone had discharged its receivers and dismissed the bill.

Appeal from an order of the superior court for King county, Frater, J., entered May 8, 1912, appointing a receiver, after a hearing before the court.  Affirmed.

*Kerr & McCord*, for appellant.

*Morris B. Sachs*, for respondent.

PER CURIAM.—This is an appeal from an order appointing a receiver.  The respondent, as a stockholder of the appellant railway company, began an action in the superior court of King county against the railway company, and certain other defendants as trustees, in which he sought relief against certain acts of the trustees which he alleged to be in fraud of his rights as a stockholder, asking that a receiver be appointed for the defendant railway company.  On the filing of the complaint, a temporary receiver was appointed by the court, but was afterwards discharged on motion of the defendants.  After the discharge of the receiver, a bill of complaint was filed in the district court of the United States for the western district of Washington, in which the trustees named as defendants in the action in the state court were plaintiffs and the railway company was defendant, setting forth that the railway company was insolvent, and asking that its affairs be wound up and its assets

[1]Reported in 127 Pac. 594.

be distributed among its creditors, asking also for the appointment of a receiver. The railway company appeared and admitted its insolvency, and receivers were duly appointed. Subsequently the state court, on the renewal of the application for a receiver made in that court, granted the application and appointed a receiver. This appeal is from the last mentioned order.

The appeal is based solely on the ground that the state court was without jurisdiction to act in the premises, since the Federal court had assumed jurisdiction over the railway company and appointed receivers which were prior in time to those appointed by the state court. Since the appeal was taken, however, it has been shown by a supplemental transcript that the Federal court has recognized the prior assumption of jurisdiction over the railway company by the state court and has, for that reason alone, discharged its own receivers and dismissed the bill of complaint on which the appointment of the receivers was founded. The action of the Federal court recognizing the prior jurisdiction of the state court precludes the necessity of any inquiry on our part as to the jurisdiction of the state court to act in the premises, and since no other objection than want of jurisdiction in the state court to act has been urged against the appointment of the receiver by that court, its order must stand affirmed.